IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Respondent,                No. CR S-99-0051 GEB EFB P

    vs.

REVERIANO OLIVERA,

          Movant.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  He seeks post-conviction relief on the grounds that: (1) his trial counsel rendered ineffective assistance; and (2) his Fourth and Fifth Amendment rights were violated during the traffic stop which culminated in his arrest.  Movant has also filed a motion to supplement his § 2255 motion to add an additional claim of ineffective assistance of trial and appellate counsel.  Upon careful consideration of the record and the applicable law, the court finds that both motions must be denied.

////

////

_____

      [1]  This motion was assigned, for statistical purposes, the following civil case number: No. CIV S-04-0384 GEB EFB P.

1

**I. Background**

On February 11, 1999, the grand jury returned an indictment charging movant with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On April 1, 1999, movant's attorneys J. Tony Serra, James Bustamante, and Alexandra Clay filed a motion to suppress statements and a motion to suppress evidence obtained as a result of a traffic stop conducted on January 13, 1999, along with a request for an evidentiary hearing on those motions. Answer, Exs. 1, 2. Neither motion was supported by a factual declaration from movant describing movant's version of the events. *Id.* However, the motions were supported by a declaration from counsel, which stated, in full: "It is my information and belief that the facts and statements set forth in the accompanying document are true and correct to the best of my knowledge and belief." *Id.*

On April 15, 1999, the government filed an opposition to both motions contending that the factual allegations contained in the motions to suppress were "unsupported" and had no basis in the record. Answer, Ex. 3 at 14, 17, 20. On April 22, 1999, movant filed a reply, Answer, Ex. 4, which included a declaration of counsel that listed the factual issues disputed by movant but did not present movant's own version of the facts. Answer, Ex. 5. Also on April 22, 1999, a superseding indictment was filed charging movant and several co-defendants with conspiracy to manufacture and possess methamphetamine with the intent to distribute, 21 U.S.C. § 846, and possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1).

By order dated May 25, 1999, the district court denied movant's motions to suppress. Answer, Ex. 6. The court also denied movant's request for an evidentiary hearing, finding that counsel's declaration--which was not based on personal knowledge and therefore had little, if any, probative value--was insufficient to warrant a hearing. Answer, Ex. 1 to Ex. 8, at 32-35. On August 5, 1999, movant filed a motion to reconsider both motions to suppress and the request for an evidentiary hearing. Answer, Ex. 7. The motion for reconsideration included a declaration signed by movant, which set forth, in detail, his version of the events at the traffic

stop. *Id.* The district court denied movant's motion for reconsideration by order dated September 3, 1999.

On June 9, 2000, following a jury trial, movant was found guilty on all counts. On September 15, 2000, movant was sentenced to 240 months incarceration. Movant filed a timely appeal of his conviction, and respondent filed a cross-appeal of movant's sentence. In an unpublished disposition, the Ninth Circuit affirmed movant's conviction. *United States v. Olivera*, 52 Fed.Appx. 364 (9th Cir. 2002). Movant's petition for rehearing was denied on March 4, 2003.

The instant motion, seeking relief pursuant to 28 U.S.C. § 2255, was filed on February 24, 2004.

## II. Applicable Law

### A. Motions pursuant to 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides, in part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

### B. Movant's Claim of Ineffective Assistance of Counsel

To support a claim of ineffective assistance of counsel, a movant seeking relief under § 2255 must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To this end, movant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. *Id.* "There is a strong presumption that counsel's

1 performance falls within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*,

2 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689).  There is in addition a strong

3 presumption that counsel "exercised acceptable professional judgment in all significant decisions

4 made." *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990) (citing *Strickland*, 466 U.S. at 689).

5      Second, movant must affirmatively prove prejudice.  *Strickland*, 466 U.S. at 693.

6 Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional

7 errors, the result of the proceeding would have been different." *Id.* at 694.  A reasonable

8 probability is "a probability sufficient to undermine confidence in the outcome." *Id.*  The

9 *Strickland* standards apply to appellate counsel as well as trial counsel.  *Smith v. Murray*, 477

10 U.S. 527, 535-36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989).

11 **III.  Movant's Claims**

12     **A.  Ineffective Assistance of Trial Counsel**

13      Movant claims that his trial counsel rendered ineffective assistance by: (1) failing to

14 include movant's factual declaration in support of the April 1, 1999 motions to suppress and

15 request for evidentiary hearing; and (2) failing to "bring out the fact" that during the January 13,

16 1999 traffic stop, the Highway Patrol Officer pulled movant over because he was following a

17 semi truck too closely and occasionally took movant's pulse without his consent.  § 2255 motion

18 at 2.  Movant's claim is stated, in full, as follows:

19     My attorney failed to properly file include [sic] a factual
declaration signed by and attached to my motion to suppress, as
20     required.  My own attorney recognized his failure to include this
declaration and his opinion was that he had committed ineffective
21     assistance of counsel.  My attorney has filed an affidavit in this
regard previously with the court.  Furthermore, my attorney failed
22     to bring out the fact that when I was stopped by an officer from the
California Highway Patrol, after a prolonged stop, he would
23     occasionally take my pulse to see whether I was exhibiting a sign
of nervousness.  This was being done by Officer Robert Paskwietz,
24     without my consent.  The pretext for my stop was that I was
following a semi truck too closely.  My attorney failed to bring out
25     these facts to the attention of the court.  I believe that these facts
would have made a difference in my case.

26

4

*Id.* Movant has not submitted the affidavit, if any, allegedly signed by his attorney and filed with the court, in which counsel conceded that his failure to include movant's declaration in support of the motions to suppress constituted ineffective assistance of counsel.

### 1.  Factual Background

On January 13, 1999, a vehicle driven by movant was stopped by Officer Jerry Wayne Smith.  Reporter's Transcript on Appeal (RT) at 973-82.  At movant's trial, Officer Smith described the events that transpired during the stop, as follows.  Officer Smith was on patrol on Interstate 5 in Yolo County when he observed movant driving a pickup truck with a broken taillight.  *Id.* at 973-74, 982.  He activated his lights and movant pulled over.  *Id.* at 975.  Movant gave Officer Smith a license plate containing the name William Eugene Perez, and other documents indicating that the truck was registered to Jose Angel Ayala.  *Id.* at 976-78.  According to Officer Smith, movant's hands were trembling and he wouldn't make eye contact with Officer Smith.  *Id.* at 978.  Movant appeared to understand Officer Smith, but he did not appear to be a native English speaker.  *Id.*  Officer Smith asked movant to come out of the car, and he showed movant the broken taillight.  *Id.* at 979.  Smith gave movant a verbal warning, returned his documents to him, and told him he would not give him a citation.  *Id.*  As movant was walking back to the car, Officer Smith asked for permission to search the vehicle and movant consented.  *Id.* at 980.  Officer Smith released his dog from the police car, and the dog alerted on the spare tire of movant's truck.  *Id.* at 980-81.  Officer Smith took off the tire and discovered packages that were later determined to contain methamphetamine and pseudoephedrine.  *Id.* at 981-83, 1071-72.

### 2.  Analysis

As described above, movant's April 1, 1999 motions to suppress, which made various factual allegations related to the January 13, 1999 vehicle stop, was supported by a factual declaration signed by movant's attorneys but was not supported by a factual declaration signed by movant himself.  Movant contends that his trial counsel's failure to include movant's own

1    declaration constituted ineffective assistance of counsel.  Assuming it did, movant must also

2    show he was prejudiced by this failure.  To demonstrate prejudice, movant must show, at a

3    minimum, that the trial court would have granted his request for an evidentiary hearing had his

4    declaration been included in the motions to suppress, and that his suppression motions would

5    have been granted after the hearing took place.  *Van Tran v. Lindsey*, 212 F.3d 1143, 1156 (9th

6    Cir. 2000), *overruled on other grounds* by *Lockyer v. Andrade*, 538 U.S. 63 (2003) (citing

7    *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("in order to show prejudice when a

8    suppression issue provides the basis for an ineffectiveness claim, the petitioner must show that

9    he would have prevailed on the suppression motion, and that there is a reasonable probability

10   that the successful motion would have affected the outcome")).  *See also Bailey v. Newland*, 263

11   F.3d 1022, 1029 (9th Cir. 2001) (same).  Movant has not made the required showing.

12        Local Rule 430.1(i) provides that:

13          Whenever any motion has been granted or denied in whole or in
     part, and a subsequent motion for reconsideration is made upon the

14          same or any alleged different set of facts . . . it shall be the duty of
     counsel to present to the Judge or Magistrate Judge to whom such

15          subsequent motion is made an affidavit or brief, as appropriate,
     setting forth the material facts and circumstances surrounding each

16          motion for which reconsideration is sought, including:

17          (1) when and to what Judge or Magistrate Judge the prior motion
     was made;

18

19          (2) what ruling, decision or order was made thereon; and

20          (3) what new or different facts or circumstances are claimed to
     exist which did not exist or were not shown upon such prior
     motion or what other grounds exist for the motion.

21

22   As set forth above, movant filed a request for reconsideration of his motions to suppress, arguing

23   that an evidentiary hearing was warranted in light of the facts set forth in movant's factual

24   declaration.  Answer, Ex. 7.  He also asked the trial court to reconsider its prior rulings on the

25   merits of the motions to suppress in light of the "new facts" set forth in movant's declaration.  *Id.*

26   at 6, 13-19.

Movant's counsel complied with Local Rule 430.1(i) by including in the motion for reconsideration movant's affidavit, which set forth new or different facts or circumstances which were not shown upon the prior suppression motions. Local Rule 430.1(i), on its face, does not impose any additional burden upon a party seeking reconsideration.

Movant's motion for reconsideration, which was supported by his own declaration stating his version of the facts, was denied. The trial court declined to hold an evidentiary hearing, notwithstanding the factual allegations set forth in movant's declaration. Under these circumstances, movant cannot demonstrate that he would have received an evidentiary hearing or a favorable ruling on his motions to suppress if he had included his declaration at the time the motions were originally filed. Given that the motions to suppress and request for evidentiary hearing were denied by the trial judge even when supported by movant's factual declaration, there was no prejudice from the failure to include movant's declaration with the original motions. Accordingly, the court need not consider whether counsel's earlier failure constituted deficient performance.

Movant also alleges that his trial counsel "failed to bring out the fact" that when he was stopped by Officer Robert Paskwietz, "after a prolonged stop, he would occasionally take my pulse to see whether I was exhibiting a sign of nervousness." § 2255 Motion, at 2. Movant further contends that counsel was ineffective in failing to inform the court that "the pretext for my stop was that I was following a semi truck too closely." *Id.* These allegations are not supported by the record before this court.

Officer Paskwietz was not involved in the traffic stop of movant's vehicle that took place on January 13, 1999. Answer at 20, n.11. Rather, on September 25, 1997, Officer Paskwietz stopped a truck registered in movant's name but driven by Salvador Flores-Lopez. *See* RT at 66-70. Although the events that transpired on September 25, 1997 were relevant to the criminal case against movant, movant was not present at that traffic stop. *See* Answer, at 4. Further, the reason for the stop on September 25, 1997 was that the driver of the vehicle was following a

semi truck too closely.  *Id.* at 68.  Officer Smith stopped movant's vehicle on January 13, 1999 because his taillight was missing.  Accordingly, movant's identification of Officer Paskwietz as the person who stopped his vehicle on January 13, 1999 appears to be incorrect, as is his assertion that he was stopped because he was following a semi truck too closely.  Further, movant has not directed the court to any evidence in the record that Officer Paskwietz, or anyone else, took his pulse during a traffic stop.  Because the factual allegations supporting these claims of ineffective assistance of counsel appear to be incorrect or mistaken, and are not supported by the record, movant has failed to demonstrate prejudice resulting from his trial counsel's failure to bring these "facts" to the attention of the trial court.  Accordingly, movant's claims in this regard must be denied.

### B.  Fourth Amendment

Movant's second claim is stated, in full, as follows:

> The government states that I was stopped by Officer Robert Paskwietz of the California Highway Patrol because I was following to [sic] closely to a semi truck.  I was told by Officer Paskwietz that I was being stopped because my license plate light was not functioning.  It is now obvious that my stop was a pretext for a search.  During this stop which lasted more than two hours, I was forced to answer questions posed by him and my pulse was taken occasionally by him.  I assume that he was doing this to see if I was nervous during his interrogation and search of may [sic] pickup truck.  These actions by him have not been fully addressed by my attorney or the Court.

§ 2255 Motion at 2-3.  Movant contends that this situation violated his "constitutional rights under the Fourth Amendment guaranteeing me to be secure from unreasonable searches and seizures."  *Id.* at 2.

As explained above, movant appears to be confusing the traffic stop of his vehicle by Officer Smith on January 13, 1999 with a traffic stop on September 25, 1997 conducted by Officer Paskwietz involving a different vehicle driven by Salvador Flores-Lopez.  There is no evidence movant's pulse was taken or that he was stopped because he was following another vehicle too closely.  To the extent movant is alleging his trial counsel rendered ineffective

assistance in failing to bring these facts to the attention of the court, he has failed to demonstrate prejudice.  To the extent he is alleging his Fourth Amendment rights were violated by a search conducted by Officer Paskwietz, including the taking of movant's pulse during that search, his claim lacks a factual basis and must be denied.  If movant is challenging the trial court's ruling on his motions to suppress the statements and evidence obtained as a result of the traffic stop on January 13, 1999, he has failed to demonstrate that the trial court's denial of those motions was in error.

For all of these reasons, movant is not entitled to relief on this claim.

**C.  Fifth Amendment**

Movant claims that his Fifth Amendment right against self-incrimination was violated for the following reasons:

> During the stop of my vehicle, I was repeatedly asked questions by the Officer who stopped me, Robert Paskwietz of the California Highway Patrol.  During his interrogation, he kept taking my pulse to see if I was nervous.  I was the focus of an investigation and therefore, my constitutional rights had attached.  Yet, he continued with his interrogation and questioning of me.  I was being compelled by him to answer all of this questions because he assured me that I could leave if I cooperated with him.

§ 2255 Motion at 3.  For the reasons described above, movant's claim in this regard appears to lack a factual basis.  In addition, movant's claims are vague and conclusory and should be denied on that ground as well.  *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'") (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)).

**IV.  Motion to Supplement**

On January 5, 2007, movant filed a motion pursuant to Fed. R. Civ. P. 15(d) to supplement his § 2255 motion to add the additional claims that his trial counsel rendered ineffective assistance in failing to adequately advise him "about the benefits and consequences of going to trial versus pleading guilty," and that his appellate counsel was ineffective in failing

1   to raise this issue on appeal.  January 5, 2007 Mot. to Suppl., at 2.  Movant argues that if he had

2   been "properly advised" by his trial counsel, he would have pled guilty.  He further argues that

3   he would have received a lesser sentence after a guilty plea because he would have avoided a

4   two level sentencing enhancement that was apparently added to his sentence after the trial judge

5   found that a portion of his trial testimony constituted obstruction of justice, and would have

6   received downward sentencing departures pursuant to the "safety valve" provision contained in

7   § 5C1.2 of the United States Sentencing Guidelines,[2] and for acceptance of responsibility.  *Id.* at

8   3.

9           Fed. R. Civ. P. 15(d) provides:

10                  On motion and reasonable notice, the court may, on just terms,
                    permit a party to serve a supplemental pleading setting out any
11                  transaction, occurrence, or event that happened after the date of the
                    pleading to be supplemented.  The court may permit
12                  supplementation even though the original pleading is defective in
                    stating a claim or defense.  The court may order that the opposing
13                  party plead to the supplemental pleading within a specified time.

14  The event that movant describes in his motion to supplement – the failure of his trial counsel to

15  adequately advise him of the benefits of pleading guilty – did not happen after the date of

16  movant's § 2255 motion.  Accordingly, it appears that movant may not supplement his motion to

17  add his new claim of ineffective assistance of counsel pursuant to Fed. R. Civ. P. 15(d).

18          Assuming arguendo that movant is entitled to supplementation pursuant to Rule 15(d),

19  his claim lacks merit.  There is no evidence that movant would have received a lesser sentence if

20  he had pled guilty, notwithstanding his speculative claim that he would have been entitled to

21  several downward sentencing departures.  Further, movant's late and unverified allegation that

22  he would have pled guilty if he had been "properly advised" does not provide sufficient evidence

23  that his trial counsel failed to advise him of the consequences of proceeding to trial or that he

24  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

25          [2] Section 5C1.2 of the United States Sentencing Guidelines provides for a sentencing
    reduction if the court finds the defendant meets certain criteria related to the circumstances of the
26  crime, the defendant's criminal history, and the level of the defendant's cooperation with the
    government.

would have pled guilty under the circumstances of this case.  Nor has movant demonstrated that his appellate counsel rendered ineffective assistance in failing to raise this issue on appeal. Movant's appellate counsel had no obligation to raise meritless issues on appeal.  *Strickland*, 466 U.S. at 687-88.  Accordingly,  movant is not entitled to relief on his supplemental claims.

**V.  Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Movant's February 25, 2004 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied;

2.  The Clerk of the Court be directed to close the companion civil case No. CIV S-04-384 GEB EFB; and

3.  Movant's February 5, 2007 motion to supplement be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:   September 8, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE