UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:99-cr-00051-GEB-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE** |
| REVERIANO OLIVERA, | |
| Defendant. | |

On December 18, 2014, January 5, 2015, and August 21, 2015, Defendant Reveriano Olivera filed, in pro per, motions for "a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(2)[,]" arguing "the recent amendment to Section 2D1.1 of the United States Sentencing Guidelines[,] . . . Amendment 782[1], . . . qualifies [him] for a reduction." (Def.'s Mot. Reduction Sentence 1, ECF No. 363; see also ECF Nos. 364, 368.)

The government opposes Defendant's motions, rejoining:

> [D]efendant does not qualify for a sentence reduction. To be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), [D]efendant must show that his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements

---

[1] "Amendment 782, which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the [base] offense level applicable to many drug offenses, became effective on November 1, 2014. Moreover, the Sentencing Commission voted to make Amendment 782 retroactively applicable to previously-sentenced defendants." United States v. Viengkham, No. 1:11-cr-00052-MCE-4, 2015 WL 273314, at *1 (E.D. Cal. Jan. 21, 2015).

|   |   |
|---|---|
| 1 | issued by the Sentencing Commission." <u>United States v. Wesson</u>, 583 F.3d 728, 730 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)). |
| 2 | |
| 3 | . . . . |
| 4 | . . . According to the Judgment and Commitment Order in this case, the Court found an Offense Level of 42, Criminal History Category I, and resulting guideline range of life in prison. Docket No. 238; J&C Order, at 2. This Offense Level is consistent with the PSR's calculation that the defendant's Base Offense Level is 38 because he is responsible for 24.896 kilograms of methamphetamine (actual). PSR ¶¶ 26-27 (finding total of 24.896 kilograms, of methamphetamine (actual) attributable to the defendant). |
| 11 | . . . . |
| 12 | Under the current version of § 2D1.1, 24.896 kilograms of methamphetamine (actual) still results in an Offense Level of 38. U.S.S.G. § 2D1.1(c)(1) (setting Base Offense Level of 38 for offense involving drug quantity more than 4.5 kilograms of methamphetamine (actual)). Thus, the [D]efendant's base offense level is unaffected by Amendment 782 and, consequently, his guideline range of life in prison on Counts 1 and 4 remains the same today as at it was during his original sentencing. Similarly, Amendment 782 did not alter the specific offense characteristic enhancements attributable to this defendant for his crimes. Specifically, his guideline range today still would include a 2-level increase in Offense Level because the crimes of conviction involved the contamination of a location from methamphetamine manufacturing and a 4-level increase in Offense Level for leadership still apply to this defendant. PSR ¶¶ 29, 30-34. Stated another way, under § 1B1.10, the [D]efendant is ineligible for relief because Amendment 782 did not have the effect of lowering the [D]efendant's applicable guideline range. Accordingly, [D]efendant's motions for a sentence reduction should be denied because he is not eligible for relief. |
| 28 | (Gov't Opp'n 3:9-4:22, ECF No. 370 (citation omitted).) |

2

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." <u>United States v. Leniear</u>, 574 F.3d 668, 673 (9th Cir. 2009) (internal quotation marks omitted) (quoting <u>United States v. Hicks</u>, 472 F.3d 1167, 1169 (9th Cir. 2007)).

> However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

<u>Id.</u> (quoting 18 U.S.C. § 3582(c)(2)).

The Sentencing Commission policy statement relevant to this case prescribes: "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [the relevant] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

Here, "[Amendment 782] does not result in a different sentencing range, [therefore D]efendant is not eligible for a sentencing reduction pursuant to Section 3582(c)(2)." <u>United States v. Gonzalez</u>, No. 1:94-CR-5011 LJO, 2015 WL 854206, at *1 (E.D. Cal. Feb. 26, 2015). Accordingly, Defendant's motions for a sentencing reduction, (ECF Nos. 363, 364, 368), are DENIED.

Dated: September 30, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge

3